IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, et al., | CIVIL NO. 10-6626(NLH)(JS) |
| Plaintiffs, | |
| v. | OPINION |
| CRESSMAN TRUCKING, INC., | |
| Defendant. | |

**APPEARANCES:**

R. MATTHEW PETTIGREW , JR.
MARKOWITZ & RICHMAN
1100 NORTH AMERICAN BUILDING
121 SOUTH BROAD STREET
PHILADELPHIA, PA 19107
*On behalf of plaintiffs*

<u>**HILLMAN**, District Judge</u>

Before the Court is plaintiffs' motion for the entry of default judgment pursuant to Federal Civil Procedure Rule 55(b)(2). For reasons explained below, plaintiffs' motion will be granted.

I. <u>**JURISDICTION**</u>

Plaintiffs brought this action pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as

amended, 29 U.S.C. § 185.  Therefore, this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

## II. BACKGROUND

Plaintiffs are multi-employer benefit funds within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5) and Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).  Plaintiffs receive and administer contributions from various contractors who are obligated to make contributions to the funds pursuant to a collective bargaining agreement ("CBA").  Defendant is a party to the CBA but failed to make contributions to union employees' pension funds in accordance with terms of the CBA.  Plaintiffs filed a complaint for breach of the CBA and violation of ERISA, and served the complaint and summons on defendant on January 13, 2011.  Defendant failed to file any responsive pleading or enter an appearance.  Plaintiffs sought and obtained a clerk's entry of default on March 24, 2011, and seek a judgment in default.

## III. DISCUSSION

### A. Standard for Default Judgment

Pursuant to Rule 55, obtaining a default judgment is a two-step process.  First, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default

2

by the Clerk of the Court.  See Fed. R. Civ. P. 55(a).  Second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either: (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) by applying to the Court.  See Fed. R. Civ. P. 55(b).  A district court has considerable latitude in determining the amount of damages.  Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993).  Upon a showing of specified damages, the court may enter judgment without conducting a hearing.  Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).  "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."  Pope v. United States, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944).

    **B.**    **Motion for Default Judgment**

Defendant failed to answer the complaint or otherwise plead.  The Court may enter default judgment based on defendants' failure to respond to plaintiffs' complaint.  See Federal Maritime Com'n v. South Carolina State Ports Authority, 535 U.S. 743, 122 S.Ct. 1864 (2002) ("If a defendant fails to respond to a complaint, default judgment may be entered on behalf of the

3

plaintiff."). Based upon plaintiffs' unopposed allegations in their complaint, defendant failed to make the required fringe benefit contributions to the union employees' pension funds according to the terms of the signed CBA. See Lansford-Coaldale Joint Water Authority v. Tonolli Corp., 4 F.3d 1209, 1226 (3d Cir. 1993) ("[W]hen a party fails to respond to a complaint, it is deemed to have admitted all the allegations in the complaint.").

In support of their claim, plaintiffs submit the certification of William J. Einhorn, the administrator of the funds, stating that the present amount of overdue contributions is $7,820. Plaintiffs also seek reimbursement of attorneys' fees in the amount of $4,300. Plaintiffs submitted a detailed log of their attorney's time of 17.2 hours, at a rate of $250 per hour, with a breakdown of the legal activity performed in this matter. Plaintiffs also seek $449.29 in litigation costs for filing fees, service fees, photocopying and postage. The Court finds that plaintiffs have supported their claim for overdue contributions and reasonable attorneys' fees and costs. Accordingly, judgment will be entered in plaintiffs' favor in the total amount of $12,569.29.

**IV.    CONCLUSION**

For the foregoing reasons, plaintiffs' motion for default judgment will be granted, and judgment will be entered in the amount of $12,569.29.

                                                                  s/Noel L. Hillman

                                                    NOEL L. HILLMAN, U.S.D.J

Dated: January 4, 2012

At Camden, New Jersey